### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 12-40029-01-JAR |
| **THOMAS EUGENE CHURCH,** | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Thomas Church's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 48). For the reasons provided below, Church's motion is denied.

**I.   Background**

On April 19, 2012, Thomas Church pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).[1] At sentencing, the government dismissed the remaining two counts, charging felon in possession of firearm and possession with intent to distribute methamphetamine.[2] On November 19, 2012, this Court sentenced Church to a 196-month term of imprisonment, a five-year term of supervised release, and a $100 special assessment.[3] Church's sentence was subsequently reduced to 157 months based on Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[4]

---

[1] Doc. 15.

[2] *See* Doc. 38.

[3] *Id.*

[4] Doc. 45.

Church is currently incarcerated at USP Leavenworth in Kansas, an institution housing 1,535 inmates. As of January 5, 2021, the Bureau of Prisons ("BOP") reports 1,377 inmates have been tested for COVID-19 at this facility, and there are 2 tests currently pending.[5] The BOP further reports that 658 inmates have tested positive for COVID-19 at USP Leavenworth, with 112 active inmates cases.[6] Moreover, five staff members tested positive, all of whom have recovered.[7] There have been no inmate or staff deaths at this facility.[8]

Church is sixty-three years old, and his projected release date is May 12, 2023.

On December 2, 2020, Church filed a motion for compassionate release, citing his underlying medical condition of chronic obstructive pulmonary disease ("COPD"), which places him at increased risk of serious illness should he contract COVID-19, as the basis of his motion. He requests that his time be reduced to time served and offers a release plan that he will reside with his son, Thomas Church, Jr., whom he will work for in an unspecified job. There is no evidence that the United States Probation office has received and approved this proposed release plan.

Church is not represented by counsel. Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release

---

[5] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Jan. 5, 2021).

[6] *Id.*

[7] *Id.*

[8] *Id.*

2

motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case. Accordingly, Church proceeds *pro se*.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[9] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[10] But a defendant may bring a motion for compassionate release from custody only if the defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[11] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[12]

---

[9] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[10] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional); *cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[13]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[14]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs

---

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

4

to serve as a caregiver for a minor child, spouse, or registered partner.[15]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[16]

### III.    Discussion

#### A.    Exhaustion

Church submitted a request for compassionate release to the warden of USP Leavenworth, which the warden subsequently denied on October 7, 2020.[17]  The government does not dispute that Church has satisfied the applicable exhaustion requirement.  Thus, this Court has jurisdiction to decide Church's motion.

#### B.    **Extraordinary and Compelling Reasons**

Having determined that Church has properly exhausted his administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing his sentence to time served.  Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[18]

The Sentencing Commission's comments to § 1B1.13 set forth four circumstances under which extraordinary and compelling reasons may exist: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive

---

[15] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[16] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[17] Doc. 49-1.

[18] 28 U.S.C. § 994(t).

impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[19]

Church has provided medical records confirming that he has COPD and that he is prescribed an inhaler for it.[20] The Centers for Disease Control and Prevention has identified COPD as a medical condition that increases a person's risk of severe illness from COVID-19,[21] and the government concedes that Church's COPD constitutes an extraordinary and compelling reason for consideration of compassionate release. The government contends, however, that when balanced with the 18 U.S.C. § 3553(a) sentencing factors, Church fails to demonstrate a situation so severe that release is warranted. Accordingly, the Court next considers the § 3553(a) factors.

### C.     Section 3553(a) Factors

When a defendant demonstrates that he or she has an extraordinary or compelling reason for a sentence reduction, the Court must consider whether such reduction would comply with the familiar sentencing factors enumerated in § 3553(a). That statute requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

---

[19] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (A) through (C) (U.S. Sentencing Comm'n 2018).

[20] Doc. 48-2.

[21] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020).

6

>    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>    (2) the need for the sentence imposed--
>       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the defendant; and
>       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    (3) the kinds of sentences available;
>    (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>    (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.[22]

While the Court takes all seven § 3553(a) factors into account, subsections (a)(1), (2), and (4) are most pertinent to Church's case. In consideration of these factors, the Court concludes that releasing Church now would not leave him with a sentence that is "sufficient, but not greater than necessary."[23]

Church was convicted of conspiracy to distribute 500 grams or more of methamphetamine. In fact, 23.6 kilograms of methamphetamine was attributed to him. Church supplied methamphetamine to other significant drug dealers, including Ray and Angela Igleheart. Church admitted to law enforcement officers that he normally bought three to four pounds of methamphetamine at a time for $25,000 per pound. During a search of Church's residence, officers recovered eight grams of methamphetamine, three firearms, and $7,810 in cash. Church told officers that he had been tipped off that there would be a search of his house.

---

[22] 18 U.S.C. § 3553(a).

[23] *Id.*

7

Nonetheless, officers recovered meth, money, and firearms from his residence. Church further stated that the three firearms and the $4,500 that were inside a box seized during the search were going to be used by him to pay "Mexicans" for methamphetamine supplied to him.

Church illegally possessed those firearms because he had a prior felony conviction. In addition to several disorderly conduct convictions and a conviction for domestic battery, Church was convicted of possession of drug paraphernalia in 1997, sale of methamphetamine in 1999, and criminal possession of a firearm in 2000, given his felony drug conviction in 1999.

During his time in BOP custody, Church has completed more than thirty-five educational courses, has been employed, and has had only one minor disciplinary infraction.

This is Church's second felony drug conviction and there are two documented instances of him possessing firearms after his 1999 felony drug conviction. Further, he has served only 66% of his 157-month sentence. Church has roughly 29 months of his sentence left to serve; thus, he has not served the statutory mandatory minimum sentence of 120 months. The Court concludes that reducing his sentence to time served would not serve the need for the sentence to reflect the seriousness of the offense, provide just punishment, promote respect for the law, deter crime, or protect the public from further crimes. Church's motion for compassionate release is thus denied.

**IT IS THEREFORE ORDERED** that Defendant Thomas Eugene Church's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 37) is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 7, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
